UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------
                                              :
JOHN DOE,                                     :
                                              :      CASE NO. 1:08-CV-1902
                    Plaintiff,                :
                                              :
        v.                                    :      OPINION & ORDER
                                              :      [Resolving Doc. Nos. 68, 75]
DONALD RUMSFELD, *et al.*,                     :
                                              :
                    Defendants.               :
                                              :
------------------------------------------------------

JAMES S. GWIN,[1] UNITED STATES DISTRICT JUDGE:

        Plaintiff John Doe filed this lawsuit against the United States and some of its high- and low-

ranking officials[2] (collectively, "the United States" or "the government"), alleging, among other

things, that the United States has "denied and unfairly burdened [him] in the exercise of his right to

international travel."  [Doc. 65, ¶ 298].[3]  In particular, Doe alleges that whenever he "returns to the

United States from traveling internationally," Customs agents detain, search, and interrogate him,

sometimes for "as long as nine hours."  [Doc. 65, ¶ 125].  For this reason, Doe suspects (correctly,

---

[1] The Honorable James S. Gwin of the United States District Court for the Northern District of Ohio, sitting by designation.

[2] Doe asserts claims against the Secretary of the Department of Homeland Security, the Director of the FBI, the Commissioner of Customs and Border Protection, and the Assistant Secretary of Immigration and Customs Enforcement, in their official capacities only.  These claims function as claims against the United States.  *See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).*  Doe also asserts claims against an unknown number of unknown (and unserved) United States officials in both their official and personal capacities.  (Doe had asserted claims against former Secretary of Defense Donald Rumsfeld in his personal capacity, but these claims have since been dismissed.  *See* [Docs. 56 & 76-1].)

[3] Doe had asserted a claim for return of property seized by the United States.  The United States has since returned Doe's property, and Doe moves to dismiss this claim.  *See* [Doc. 75].  The Court **GRANTS** Doe's motion.

Case No. 1:08-CV-1902
Gwin, J.

it seems) that he "has been put on a terrorist watch list, or the equivalent thereof." *Id.* ¶ 124. And

he requests "an injunction to prevent further infringement of his liberties." *Id.* ¶ 304.

The United States moves to dismiss Doe's right-to-travel claim, arguing that Doe has failed

to identify any waiver of the government's sovereign immunity. *See* [Doc. 68-1, at 7-9]. Moreover,

the United States says, if Doe is trying to invoke the sovereign-immunity waiver found in the

Administrative Procedure Act ("the APA" or "the Act"), *see* 5 U.S.C. § 702, he has insufficiently

pleaded the "final agency action" needed to state a claim under the Act, *see id. § 704*. *See* [Doc. 68-

1, at 10-13]. Doe opposes the government's motion. *See* [Doc. 72].

Because Doe admits he brought this claim under the APA, *see id.* at 13-15, and because Doe

has failed to plead "final agency action," the Court reluctantly **GRANTS** the government's motion.

## I.

This Order resolves one small part of what might have been a much larger case. In a prior

opinion, *see* [Doc. 56], the Court detailed Doe's other allegations against the government. The same

is not necessary here. It's sufficient to say that Doe—a United States citizen and Army veteran—has

alleged dangerous mistreatment by his own government, beginning with a secret, torture-filled, and

still-unexplained nine-month-long detention in an overseas military prison. (To the extent it matters,

the government released Doe without charging him with, or even accusing him of, any wrongdoing.

[Doc. 65, ¶ 129].)

Doe, "who loves his country and its ideals," *id.* ¶ 129, might have accepted an apology from

our government, had it ever offered one. But it didn't. Instead, it branded Doe suspicious, added

him to "a terrorist watch list," and now harasses him at airports. Understandably, Doe wants this to

stop.

Case No. 1:08-CV-1902
Gwin, J.

Nevertheless, Doe can't sue for removal from the government's blacklist—not yet at least. The APA generally limits this Court's review of "[a]gency action" to only "final agency action," 5 U.S.C. § 704, that is, an action both "mark[ing] the consummation of the agency's decisionmaking process" and either determining "rights or obligations" or generating "legal consequences." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal quotation marks omitted). And Doe alleges only that "[e]ach time [he] is detained, he petitions the Customs officers to remove him from the watchlist, but each such request is invariably denied." [Doc. 65, ¶ 127]. Those denials—coming from "Customs officers [who] meet [Doe] as he disembarks from the plane," *id.* ¶ 125—are hardly the "consummation" of Customs's decisionmaking process; they're front-line obedience by those without decisionmaking authority. With nothing else, Doe's complaint fails to plead final agency action and, accordingly, fails to state a claim under the APA.

II.

For these reasons, and in spite of Doe's appalling (and, candidly, embarrassing) allegations, the Court **GRANTS** the government's motion. If he's not already done so, Doe might consider the Department of Homeland Security's Traveler Redress Inquiry Program,[4] through which, for better or worse, he can get "final agency action." *See also Latif v. Holder*, 686 F.3d 1122 (9th Cir. 2012).

IT IS SO ORDERED.

Dated:  September 7, 2012                        *s/   James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

_____

[4] http://www.dhs.gov/dhs-trip